## Case No. 3,317.

### In re CRAFT.

[6 Blatchf. 177;[1] 2 N. B. R. 111 (Quarto, 44).]

Circuit Court, S. D. New York. Sept. Term, 1868.[2]

AMENDMENT OF PETITION IN INVOLUNTARY BANKRUPTCY—"CONTEMPLATION OF BANKRUPTCY" DEFINED.

1. Where a petition in involuntary bankruptcy, filed under section 39 of the bankruptcy act of 1867 (14 Stat. 536), alleges the act complained of to have been done by the debtor "in contemplation of bankruptcy," and also states facts showing the debtor to have been insolvent at the time such act was done, and the evidence, on the trial, shows that the debtor was thus insolvent, but did not intend to take the benefit of the act, and such evidence is not objected to, and there can be no surprise to the debtor in allowing the petition to be amended nunc pro tunc, by averring that the act was done by the debtor "while insolvent or in contemplation of insolvency," the court may properly allow such amendment to be made.

2. The words "in contemplation of bankruptcy," in the act, mean, in contemplation of com-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [Affirming Case No. 3,316.]

mitting what is made by the act an act of bankruptcy.

3. A substantial amendment, nunc pro tunc, going to the whole foundation of a proceeding under the thirty-ninth section, cannot be allowed, as it would be a violation of the limitation prescribed by the section, as to the time within which the petition must be brought.

This was a petition filed under the second section of the bankruptcy act of 1867 (14 Stat. 518), for the purpose of reviewing an order of the district court [Case No. 3,316], allowing, nunc pro tunc, an amendment of a petition in involuntary bankruptcy, filed by creditors, under the thirty-ninth section of that act.

Edwin James, for bankrupt.
Samuel Boardman, for creditors.

"NELSON, Circuit Justice. The petition in bankruptcy, as originally filed, stated, among other things, that Craft, the debtor, in contemplation of bankruptcy, gave to one Jones a confession of judgment, and caused a judgment to be entered thereon, upon which an execution was issued, &c.; and that this confession was entered into with intent to give a preference to Jones, one of his creditors, and to defeat the operation of the bankruptcy act. The petition, also, stated facts showing that the debtor was insolvent. On the return of the order to show cause on the petition, the debtor denied the acts of bankruptcy set forth in the petition, and demanded a trial by the court. The proofs show that Craft was insolvent when he gave the confession of judgment, and that, after the sale on execution under Jones' judgment, he had no property with which to pay his debts. It appears, however, distinctly, that the several acts of the debtor were not done or committed with intent to take the benefit of the bankruptcy act, which was the averment relied on in the petition, as the foundation for proceeding against the debtor in bankruptcy.

The thirty-ninth section provides, among other things, that any person "who, being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, shall * * * give any warrant to confess judgment, or procure or suffer his property to be taken on legal process, with intent to give a preference to one or more of his creditors, shall be deemed to have committed an act of bankruptcy." It will be observed, that the petition in this case did not aver that the debtor was insolvent or contemplated insolvency, but only that the several acts alleged were done in contemplation of bankruptcy. These latter words, in the bankruptcy act of 1841, were construed to mean, in contemplation of committing what was made by the act an act of bankruptcy. Buckingham v. McLean, 13 How. [54 U. S.] 150. This construction would seem quite applicable to the same language in the present act. The result is, as the proofs show, that the acts

of Craft, in giving the confession of judgment to Jones, &c., were not in contemplation of bankruptcy, that the petition against him failed, unless it was competent for the court below to grant the amendment in question, which was, to insert the words, "while insolvent or in contemplation of insolvency," in lieu of the words, "in contemplation of bankruptcy."

The only real objection to an amendment of a petition in bankruptcy, nunc pro tunc, is found in the clause of the thirty-ninth section of the act, which provides, that the petition shall be "brought within six months after the act of bankruptcy shall have been committed." To allow a substantial amendment, that is, one going to the whole foundation of the proceeding, nunc pro tunc, would be a direct violation of this limitation, which is obviously for the benefit of the debtor. But, in the present case, the amendment is little more than formal, as facts are alleged in this petition which, if true, (and the proofs substantiate them,) import that the debtor was insolvent at the time, and committed the acts alleged in contemplation of insolvency. Therefore, this new averment could not have taken the debtor by surprise, as it simply put in form what already appeared in substance, in the petition, and what must have been so understood by him on the trial of the issue before the court, as no objection was taken to the evidence. Order affirmed.