HARK et al. v. C. M. ALLEN CO. et al.

(Circuit Court of Appeals, Third Circuit. June 28, 1906.)

No. 15.

1. BANKRUPTCY—PETITION—AMENDMENT—ACTS OF BANKRUPT.

An original bankruptcy petition alleged the act of bankruptcy to be the removal, transfer, and concealment of its property from their designated places of business "with intent to hinder, delay and defraud creditors." At the trial, the bankrupts admitted their insolvency and testified that they did not remove or transfer any of their stock "with intent to hinder, delay, or defraud creditors," but that they disposed of all of their merchandise and the cash realized from the sale thereof by transferring it to certain of their creditors in payment of alleged debts due them. *Held*, that it was not an improper exercise of the trial court's discretion, after setting aside a verdict in favor of petitioners and granting the bankrupts a new trial, to permit petitioners to amend their petition by alleging as acts of bankruptcy that the bankrupts removed and sold their merchandise and assets and transferred the same to various creditors with the intent to prefer them.

2. SAME—AMENDMENT NUNC PRO TUNC.

The original petition having been filed within four months after the making of such transfers, it was proper for the court to permit the amendments, which were not filed until after the four months had ex-

pired, to be filed nunc pro tunc as of the date of the filing of the original petition.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 142 Fed. 279.

See 136 Fed. 986, 135 Fed. 603.

Henry N. Wessel, for petitioners.

Harry S. Mesiror, for appellees.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

GRAY, Circuit Judge. The petitioners ask this court, under the provisions of section 24b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) to revise in matter of law certain proceedings in bankruptcy against the petitioners, in the District Court for the Eastern District of Pennsylvania, in relation to the leave granted by said court to the petitioning creditors named in the caption hereof, to amend their original petition in involuntary bankruptcy.

This original petition represented that the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, were insolvent, and that within four months next preceding the date of the petition, had individually and as a partnership, committed an act of bankruptcy, in that between the 10th and the 15th days of October, 1904, and at other times, they had "removed, transferred and concealed a large portion of their property, consisting of pieces of woolen goods, silks, linens, etc., from their place of business at 821 Cherry Street, Philadelphia, with intent to hinder, delay and defraud their creditors." The indebtedness of the alleged bankrupts to the petitioning creditors, is stated to be $1,356, and the value of the goods removed to be at least $10,000. The petition prayed that the said Benjamin W. and Harry A. Hark, individually and trading as Hark Brothers, should be adjudged bankrupts. It was filed on October 21, 1904. In response to the order to show cause, made by the court, the defendants appeared and filed an answer on the 9th day of November, 1904, in which they excepted to the petition as insufficient in its averments, and also, without waiving the alleged defects in the said petition, made answer, denying the allegation that, at the time mentioned in said petition, or at any other time, they had transferred or concealed any part of their property, with intent to hinder, delay or defraud their creditors. They also demanded a trial by jury, of the issues presented by creditors' petition and their answer. The exceptions to the petition were considered in the light of a demurrer by the learned judge of the court below, and were overruled March 13, 1905. On the 12th day of June, 1905, a jury trial was had on the issues raised by the petition and answer, as prayed for by the defendants, and a verdict rendered in favor of the plaintiffs, that the defendants, "individually and trading as Hark Brothers, did commit an act of bankruptcy, as set forth in plaintiffs' petition filed."

On the 15th day of June, 1905, the defendants moved the court for a new trial, upon reasons filed. On August 10th, 1905, a new trial was granted. On August 25th, 1905, the petitioning creditors filed a petition in the said court below, sitting in bankruptcy, praying "for leave to amend the creditors' petition filed in the above case, by adding the following acts of bankruptcy:

"And your petitioners further represent that the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, while insolvent, and within four months next preceding the date of filing of this petition, committed an act of bankruptcy, in that they did, between the 1st of September and the 15th of October, 1904, transfer merchandise consisting of ladies' skirts, etc., amounting to $1,500, to Sax Brothers of the city of Philadelphia, creditors of the said alleged bankrupts, with intent to prefer the said Sax Brothers over the other creditors of the said alleged bankrupts.

"That the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, while insolvent, and within four months next preceding the date of the filing of this petition, committed an act of bankruptcy, in that they did, between the 1st and 15th day of October, 1904, transfer the sum of $250 in cash to Jennie Hark of Philadelphia, one of their creditors, with intent to prefer the said Jennie Hark over their other creditors.

"That the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, while insolvent, and within four months next preceding the date of the filing of this petition, committed an act of bankruptcy, in that they did, between the 1st and 15th day of October, transfer the sum of $300.00 in cash to Mr. Lebowitz, of Philadelphia, one of their creditors, with intent to prefer the said Mr. Lebowitz over their other creditors.

"That the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, while insolvent, and within four months next preceding the date of the filing of this petition, committed an act of bankruptcy in that they transferred to Miller & Pleet, of Philadelphia, creditors of the said alleged bankrupts, the sum of $49.43 in cash, on September 21, 1904; the sum of $200 in cash, on September 29, 1904; the sum of $57.10 in cash on October 1, 1904; the sum of $49.70 on October 4, 1904; the sum of $26.54, on October 7, 1904, and the further sum of $650 between the 1st and 15th of October, 1904, with intent to prefer the said Miller & Pleet over the other creditors of the said alleged bankrupts.

"That the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, while insolvent, and within four months next preceding the date of the filing of this petition, committed an act of bankruptcy, in that they did, between the 1st of August and the 15th of October, 1904, transfer the sum of $1263.77 in cash to Harry Miller, of Philadelphia, one of their creditors, or to the Girard National Bank, or to both, with intent to prefer the said Girard National Bank or the said Harry Miller, or both, over the other creditors of the said alleged bankrupts."

The petitioners further pray for leave to amend their petition, "by adding after the words, in the allegation of the act of bankruptcy, 'between the 10th day of October, A. D. 1904, and the 15th day of October, 1904, and at other times,' the words, 'to wit, between the 1st day of September, 1904, and the 10th day of October, 1904'; your petitioners being informed and believe that the words, 'and at other times,' in the original petition are too indefinite."

On December 27th, 1905, these amendments were allowed by the court. To this order allowing the said amendments, the defendants excepted, and in their petition, ask this court to revise in matter of law the proceedings aforesaid in the district court, and to dismiss

the said petition of the petitioning creditors, for leave to amend the original petition in involuntary bankruptcy in this case.

The contention of the petitioners is, that by the amendments, the petitioning creditors were allowed to allege a new cause of bankruptcy against the defendants, and that the amendments were filed more than four months after said alleged acts of bankruptcy.

A liberal policy in regard to the allowance of amendments to pleadings, both at common law and in equity, is to be encouraged, where the amendments proposed tend to prevent a failure of justice through technicalities, and where their allowance does not affect injuriously any just right of the opposite party. Statute law has recognized the wisdom of this policy, both in this country and in England, by enlarging the discretion of the courts in that regard, and the trend of judicial opinion has stamped it as an enlightened policy, tending to promote the ends of justice.

We do not think the learned judge of the court below in this case transgressed the legitimate bounds which limit his discretion in such cases. The original petition stated the act of bankruptcy to be the removal, transfer and concealment of the defendants' property from their designated place of business in Philadelphia, with intent to hinder, delay and defraud their creditors. In asking for leave to amend their petition after the verdict in their favor had been set aside by the court, the petitioning creditors state that the original allegation was founded upon the only information then procurable, as to the alleged acts of bankruptcy. This information was, that on the 15th day of October, 1904, the place of business of the alleged bankrupts, was found closed and their entire stock in trade gone; that a few days previous to the date last mentioned, divers persons had seen large quantities of merchandise at said place of business, and that divers other persons had witnessed the removal thereof under suspicious circumstances; that they were informed that this merchandise was not disposed of in the regular course of business, but was transferred or concealed for the purpose of defrauding creditors. Upon this information, not unreasonably, the petitioning creditors allege such a transfer and concealment as an act of bankruptcy. At the trial before the jury, they allege that the defendants themselves testified that they neither removed nor transferred any of their stock "with intent to hinder, delay or defraud their creditors," but that they disposed of all their merchandise, and the cash realized from the sale thereof, by transferring the same to certain of their creditors, in payment of alleged debts due said creditors; that the alleged bankrupts admitted their insolvency at the trial, and also admitted an act of bankruptcy, though different from the one alleged in the creditors' petition.

Such being the testimony, the trial judge was clearly justified in setting aside the verdict against the defendants, as the act of bankruptcy alleged was not proven. That all the goods were removed from defendants' place of business, as alleged in the petition, was not denied, but it was denied that they were removed or concealed with the particular intent charged in the petition. It was, however, admitted that

they were removed and disposed of to certain preferred creditors, with the intent to prefer them over the other creditors. The substantive physical act of removal of the goods from the place of business, under circumstances that did not advertise to the creditors and public what disposition had been made of them, was the same as alleged in both the original and amended petitions. It was not in the power of petitioning creditors to ascertain just how the goods removed were disposed of, or with what particular intent the suspicious removal was made. No laches or want of diligence can be imputed to them, in not being able to truly characterize the admitted act of bankruptcy until the information was acquired by the testimony of the defendants themselves at the trial. No injustice is done the defendants, by allowing the creditors to truly characterize the acts alleged by them in their original petition. The act of bankruptcy alleged in the amendment, was not a new act of bankruptcy, but was the same act of the defendants as set forth in the original petition, differently characterized.

No surprise could possibly be worked to the defendants by the amendments, and no new proofs were necessary to sustain or defend against the amendments. It is true, that the date at which the amendments were filed, was more than four months after the act alleged in the amendments and in the original petition, but no reason presents itself why, in justice to all the parties concerned, the amendments should not be taken as of the date of the original petition. To do otherwise, it seems to us would be to allow the defendants to escape the just consequences of their own conduct, upon the merest technicality, and defeat unnecessarily the beneficent ends had in view in the enactment of the bankrupt law.

We think that none of the numerous decisions cited by the petitioners (and we have examined them all) would support the order prayed for under the circumstances disclosed in this record.

It is true, that the enumeration of some of the articles of property in the original petition differed in description from those enumerated in the amendment, but in both cases, those enumerated only purport to be a specification of part of what is embraced in the general description of the property transferred. The allegation in the first instance refers to an entire transfer of all defendants' property, so that the property alleged to have been transferred in the amendment. must necessarily be included therein. At all events, it is in both instances a transfer of property of defendants.

We think the learned trial judge, with the knowledge of all the facts proven in the jury trial, was abundantly justified in allowing the amendments prayed for.

The petition of review is therefore dismissed.