WALKER v. WOODSIDE et al.†

In re WALKER.

(Circuit Court of Appeals, Ninth Circuit.　October 5, 1908.)

No. 1,602.

1. BANKRUPTCY (§ 82*) — INVOLUNTARY PROCEEDINGS—VERIFICATION OF PETITION.

A petition in involuntary bankruptcy in which a corporation and a partnership join may be verified for the corporation by its president and for the partnership by one of its members.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 123; Dec. Dig. § 82.*]

2. BANKRUPTCY (§ 76*)—PETITIONING CREDITORS—PROVABLE CLAIMS—STOCKHOLDERS' LIABILITY.

By Const. Cal. art. 12, § 3, and Civ. Code, § 322, a stockholder in a corporation is made liable for his proportion of all of the debts of the corporation contracted while he is such stockholder, which liability in the case of banking corporations arises at the time of the respective deposits, and, by Civ. Code Proc. § 359, must be enforced by an action commenced within three years. *Held*, that depositors in an insolvent savings bank were creditors of a stockholder therein to the extent of his proportion of their claims where the deposits were made within three years, and that three or more depositors whose claims against him so computed amount to $500 may maintain a petition in involuntary bankruptcy against him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 76.*]

3. BANKRUPTCY (§ 84*)—AMENDMENT OF PETITION—ALLEGING ADDITIONAL ACTS OF BANKRUPTCY.

Acts of bankruptcy not alleged in an involuntary petition, nor in an intervening petition by other creditors, cannot be set up by an amendment to either where they were committed more than four months before such amendment is made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. § 84.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of California.

G. H. Whipple and Chickering & Gregory, for petitioner.

Daniel O'Connell, Bert Schlesinger, Henry G. W. Dinkelspiel, and S. C. Wright, for respondents.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.　This also is a petition for the revision, under section 24b of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), of certain orders of the District Court for the Northern District of California, submitted with the cases of Brown v. Major, 164 Fed. 673, and Bartnett v. Major, 164 Fed. 679, just disposed of, and growing out of similar transactions.

In this case of Walker, the petitioner here seeks the review of the action of the District Court in denying his motion to dismiss the amended original petition filed by Alexander J. Woodside, E. A. Groe-

zinger, and E. O. Schraubstadter, copartners doing business under the firm name and style of A. Finke's Widow, Crowley Launch & Tugboat Company, a corporation, Thomas Crowley, C. D. Freiderichs, and H. H. Clark, for the adjudging of Walker an involuntary bankrupt, and also of an order of the District Court overruling a demurrer filed by him to that petition, and also the revision of an order overruling a motion made by the alleged bankrupt for the dismissal of the petition and amended petition in intervention filed in the said involuntary bankruptcy proceedings by Frieda R. Major, Kate A. O'Connell, as administratrix of the estate of George P. O'Connell, and of an order made by the District Court overruling a demurrer filed by the alleged bankrupt to the said amended petition in intervention.

The ground of the motion made for the dismissal of the amended original petition is that it was not properly verified. Assuming that the motion made was a proper method of raising the objection, we think it is without merit. The record shows that the amended petition was signed by all of the then petitioning creditors of the alleged bankrupt, the signature of the Crowley Launch & Tugboat Company being made by its president, with the seal of the corporation attached, and that it was verified by Schraubstadter, one of the members of the firm of A. Finke's Widow, by the president of the Crowley Launch & Tugboat Company on its behalf, and by Thomas Crowley individually, one of the alleged creditors; so that it appears that the requisite number of creditors joined in the verification of the amended original petition. It cannot be doubted that, since a corporation must act through some agent, a verification on its behalf may be legally made by its president. Nor can it be doubted that a member of a partnership may properly verify a claim made on behalf of the firm of which he is a member.

The amended original petition alleges, among other things, that at all the times therein mentioned the California Safe Deposit & Trust Company was, and still is, a corporation duly organized and existing under the laws of the state of California, having its principal place of business in the city and county of San Francisco; that within four months of the filing of the petition that company conducted a general banking business, under the laws of the state of California, in connection with its other business therein specified; that the whole amount of its capital stock was and is $3,000,000, divided into 30,000 shares of the par value of $100 each, of which 26,122 shares were issued; that at all the times mentioned in the petition Walker was, and still is, the holder of 800 of those shares; that the petitioners are creditors of the said Walker, having provable claims against him amounting, in the aggregate, in excess of securities held by them, to the sum of $1,052.35, the nature and amount of which claims are specifically stated in the petition, and consist of various deposits of money made in the said California Safe Deposit & Trust Company by the respective petitioning creditors at various times during the two years immediately preceding the filing of the petition, such deposits by Woodside aggregating $8,300; by Groezinger and Schraubstadter, as copartners under the firm name of A. Finke's Widow, $5,222.25; by the Crowley Launch

& Tugboat Company, $5,080; by Thomas Crowley, $1,690; by Friedrichs, $3,900; and by Clark, $8,000—all of which moneys the amended original petition alleges have ever since been due and owing to the respective depositors by said bank, and for his proportion thereof, aggregating $1,052.35, the alleged bankrupt has at all times been, and still is, liable to said respective depositors. The amended original petition further alleges that the said California Safe Deposit & Trust Company is insolvent and unable to pay its debts and liabilities, and that, within four months immediately preceding the date of and the filing of the said petition—

"the said respondent David F. Walker committed an act of bankruptcy, in that he did heretofore, to wit, on the 26th day of November, 1907, in the city and county of San Francisco, state and district aforesaid, transfer and convey to his wife, Althea Walker, a large portion of his property hereinafter described, with the intent then and there to defraud, hinder, and delay his creditors.

"That the said property transferred and conveyed as aforesaid is situate, lying, and being in the city and county of San Francisco, state and district aforesaid, and is particularly described as follows, to wit:

"Parcel No. 1. Commencing at the southwesterly corner of Laguna Street and Pacific Avenue, running thence southerly along the westerly line of Laguna Street ninety-four (94) feet eight and one-fourth (8¼) inches; thence at right angles westerly ninety-six (96) feet; thence at right angles southerly thirty-three (33) feet; thence at right angles westerly forty-one (41) feet, six inches (6); thence at right angles northerly one hundred and twenty-seven (127) feet, eight and one-fourth (8¼) inches to the southerly line of Pacific Avenue; thence at right angles easterly along the last named line one hundred and thirty-seven (137) feet, six inches, to the point of commencement. Being a portion of Western Addition Block Number Two Hundred and Forty (240) of the City and County of San Francisco.

"Parcel No. 2. Commencing at a point on the southerly line of Pacific Avenue distant thereon one hundred and sixty-seven (167) feet, six (6) inches, westerly from the westerly line of Laguna Street; running thence westerly along said southerly line of Pacific Avenue sixty (60) feet; thence at right angles southerly one hundred and twenty-seven (127) feet, eight and one-fourth (8¼) inches; thence at right angles easterly sixty (60) feet; thence at right angles northerly one hundred and twenty-seven (127) feet eight and one-fourth (8¼) inches to the southerly line of Pacific Avenue and point of commencement. Being a portion of Western Addition Block Number Two Hundred and Forty (240) of the City and County of San Francisco.

"Parcel No. 3. Commencing at a point on the northerly line of California Street, distant thereon fifty-four (54) feet, three (3) inches easterly from the easterly line of Steiner Street; running thence easterly along said line of California Street one hundred and fifty-one (151) feet; thence at right angles northerly one hundred and thirty-two (132) feet, eight and one-fourth (8¼) inches; thence at right angles westerly ninety-nine (99) feet; thence at right angles southerly twenty-six (26) feet six (6) inches; thence at right angles westerly fifty-two (52) feet; thence at right angles southerly one hundred and six (106) feet, two and one-fourth (2¼) inches to the northerly line of California Street and the point of commencement. Being a portion of Western Addition Block Number Three Hundred and Fifty-three (353) of the City and County of San Francisco.

"Parcel No. 4. Commencing at a point on the northerly line of Pacific Avenue, distant thereon one hundred and thirty-nine (139) feet, nine inches easterly from the easterly line of Webster Street; thence running easterly along said northerly line of Pacific Avenue thirty-five (35) feet; thence at right angles northerly one hundred and thirty-two (132) feet, seven and one-eighth (7⅛) inches; thence at right angles westerly thirty-five (35) feet; thence at right angles southerly one hundred and thirty-two (132) feet, seven and one-eighth (7⅛) inches to the point of commencement. Being a portion of Western

Addition Block Number Two Hundred and Sixty-six (266) of the City and County of San Francisco.

"XII.

"That the deed made, executed, and delivered by said respondent transferring and conveying the above-described real property to Althea Walker, his wife, as aforesaid, was, and is, without consideration,. and was made and delivered with the intent then and there to defraud, hinder, and delay the creditors of said respondent.

"That said deed was recorded in the office of the recorder of the city and county of San Francisco, state of California, on the 27th day of November, 1907, at seven minutes past 3 o'clock p. m. of said day, in Liber 116 of Deeds. at page 296."

The only ground of the demurrer to the amended original petition insisted upon here is that that petition is uncertain in that "it is alleged that the various sums claimed to be due the petitioners herein from the California Safe Deposit & Trust Company is the aggregate sum of various deposits of money by said petitioners at various times within two years last past; and in other allegations it is stated that this respondent became indebted to the petitioners herein on the 26th day of November, 1907, by reason of the fact that said respondent was a stockholder in the California Safe Deposit & Trust Company."

The Constitution, as well as a statute of California, makes a stockholder in a corporation organized under its laws liable for his proportion of all of the debts of the corporation during the time he was such stockholder (section 3, art. 12, Const.; section 322, Civ. Code), which liability, in the case of banking corporations, arises at the time of the respective deposits. Wells v. Black, 117 Cal. 157, 163, 48 Pac. 1090, 37 L. R. A. 619, 59 Am. St. Rep. 162. By section 359 of the Code of Civil Procedure of the state, it is provided that an action against a stockholder to recover his proportion of the debts of the corporation must be commenced within three years after the liability arises. The amended petition under consideration alleges that within two years then last past the six petitioning creditors had, respectively, deposited with the banking corporation of which the alleged bankrupt was a stockholder certain specific sums of money, for which the corporation was on November 26, 1907, and still is, indebted, and for his proportion of which, aggregating, according to the petition, $1,052.35, Walker then was, and still is, indebted. That such a claim arises out of contract was decided by the Supreme Court of the state in Kennedy v. California Savings Bank, 97 Cal. 93, 31 Pac. 846, 33 Am. St. Rep. 163, and Dennis v. Superior Court, 91 Cal. 548, 27 Pac. 1031. They are, therefore, provable claims under the express terms of section 63 of the bankrupt act. The District Court was clearly right in overruling the demurrer to the amended original petition.

There remains to consider the petition and amended petition in intervention. The original petition in the involuntary proceedings was filed December 30, 1907, and alleged, in substance, the same acts of bankruptcy by Walker that are more fully stated in the amended original petition; that is to say, the conveyance by the alleged bankrupt to his wife of four parcels of land, without consideration, and for the purpose of hindering, delaying, and defrauding his creditors. The original petition in intervention was filed January 28, 1908. It was filed pursuant to that provision of the bankrupt act which reads as follows:

"Creditors other than original petitioners may at any time enter their ap-
pearance and join in the petition, or file an answer and be heard in opposi-
tion to the prayer of the petition." Section 59f, Act of 1898.

In it the interveners, after alleging "that on the ———— day of De-
cember, 1907, the said petition of creditors praying that said David
F. Walker be adjudged an involuntary bankrupt was duly filed in this
court, and orders to show cause and subpœnas were duly issued out of
this court, and with copies of said petition were duly served on said
David F. Walker, and the time for appearing and pleading to said
petition expires on January 30, 1908; that your petitioners adopt and
join in the allegations in said petition against the California Safe De-
posit & Trust Company, and the defendant and respondent David F.
Walker, and join in the other allegations and prayers of said peti-
tion"—proceeded to allege, in effect, that the intervening petitioner
Frieda R. Major was a depositor in the California Safe Deposit &
Trust Company to the extent of $1,125, and the intervening petitioner
Kate A. O'Connell, as administratrix of the estate of George P. O'Con-
nell, deceased, in the sum of $1,774, all of which deposits remain due
and unpaid, and that the alleged bankrupt was liable to them therefor
by reason of certain alleged wrongful and negligent acts on his part
as an officer and director of the corporation. The original petition in
intervention also alleged other and different acts of bankruptcy on
the part of the alleged bankrupt than those stated in the original and
in the amended original petition, in these words:

"These petitioners, on information and belief, further allege that said
David F. Walker, knowing all of the facts herein alleged, has secretly convey-
ed personal property, consisting of shares of stocks, interests in partnerships
and firms, automobiles, to third persons for the use and benefit of said Walker,
and with intent to defraud, hinder, and delay his creditors, especially these
petitioners, and the aggregate of his property at a fair valuation will not be
sufficient in amount to pay his debts."

Passing the question of indefiniteness in respect to time, place, per-
sons, and circumstances, it will be observed from the foregoing quo-
tation that there is no allegation that the alleged conveyances of per-
sonal property by Walker were made within four months of the filing
of the petition to intervene, nor even within four months of the filing
of the original petition. But the petition in intervention was amended
March 5, 1908, which amended petition in intervention the alleged
bankrupt moved the court to strike from its files, and subsequently—
the motion being denied—interposed a demurrer thereto, which the
court overruled.

Like the original, the amended petition in intervention expressly
adopted and joined in the allegations and prayer of the original peti-
tion filed December 30, 1907. It supplied an omission from the latter
by alleging, what the original did not allege, that "said David F. Walk-
er is not a wage-earner, or engaged chiefly in farming or tillage of the
soil." The amended petition in intervention also further alleged the de-
posits already mentioned, by the interveners Frieda R. Major, and Kate
A. O'Connell as administratrix of the estate of George P. O'Connell,
deceased, the continued existence of that indebtedness, the insolvency
of the bank and of Walker, and the latter's liability to said interveners

for the amount of such deposits by reason of his ownership of 800 of the 26,122 shares of the issued stock of the bank, and also by reason of his alleged negligent and wrongful acts as an officer and director of the corporation. The amended petition in intervention further alleged: "That within four months next preceding the date of the filing of said original petition the said David F. Walker, while so insolvent, committed" other acts of bankruptcy than those specified either in the original petition, or in the original petition in intervention, which additional acts the amended petition in intervention set out.

While we entirely agree with the Circuit Court of Appeals for the, Third Circuit that a liberal policy in regard to the allowance of amendments in cases of bankruptcy, as in other cases, "is to be encouraged, where the amendments proposed do not prevent a failure of justice through technicalities, and where their allowance does not affect injuriously any just right of the opposite party" (Hark v. C. M. Allen Company, 146 Fed. 665, 668, 77 C. C. A. 91, 94), the general rule, as said by the Circuit Court of Appeals for the Second Circuit, in Re Haff, 136 Fed. 78, 80, 68 C. C. A. 646, "seems to be that an original petition cannot be amended by setting out therein acts of bankruptcy not referred to in the original petition, and occurring more than four months before the application for the order allowing the amendment" —citing numerous cases.

While we are, therefore, of the opinion that that portion of the amended petition in intervention setting up the additional acts of bankruptcy is improper, the difficulty is that none of the grounds of the demurrer go to that objection; and, being of the further opinion, for the reasons stated hereinbefore, and in the opinion in the case of Brown v. Major et al. (just decided) 164 Fed. 673, that the amended petition in intervention is otherwise sufficient, the petition for revision is dismissed, at the cost of the petitioner.