### In re C. W. BARTLESON CO.

(District Court, S. D. Florida.    August 15, 1918.)

1. BANKRUPTCY ⟨⟩84—INVOLUNTARY PETITION—AMENDMENT.
    A petition in involuntary bankruptcy may be amended, although the alleged act of bankruptcy has occurred more than four months prior to the amendment.

2. BANKRUPTCY ⟨⟩84—INVOLUNTARY PETITION—AMENDMENTS.
    Where a petition for leave to amend an involuntary petition in bankruptcy was filed, and a consent order was entered that the petition "be and the same is hereby amended as prayed," and the petition for and containing the amendments was properly signed and sworn to by the petitioning creditors, the amendments were sufficiently signed and sworn to.

In Bankruptcy.    Involuntary proceedings in bankruptcy against C. W. Bartleson Company.    On motion to strike the petition as amended.    Denied.

See, also, 243 Fed. 1001.

George M. Powell and Fleming & Fleming, all of Jacksonville, Fla., for bankrupt.

Haley & Heintz, George C. Bedell, John C. Cooper & Son, and McNeill & Strum, all of Jacksonville, Fla., for various creditors.

CALL, District Judge.    April 15, 1916, an amended involuntary petition in bankruptcy was filed against the bankrupt, and such proceedings had that a reference was made to an examiner to take testimony.    After the taking of testimony had proceeded, the petitioning creditors filed, on October 13, 1917, their petition for leave to amend paragraphs 6 and 7 of the amended petition in certain particulars to conform to the testimony then taken; also to add another paragraph, 7a, charging the disposal of certain real estate within four months before the filing of the amended petition, with intent to hinder and delay creditors of the bankrupt.    This petition was granted, and on October 18, 1917, the bankrupt filed its motion to dismiss the amended petition as amended.

The grounds of the motion to dismiss, as contained in this last motion, except those referring specifically to paragraph 7a, and the grounds going to the sufficiency of signing and swearing to the amendment, were considered and ruled upon in the motion to dismiss the amended petition on March 20, 1917.    I see no reason to change that ruling.    This leaves the grounds of the motion directed to the sixth and seventh amended paragraphs, and paragraph 7a.    The only grounds to these paragraphs, which call for special attention, are the twenty-fourth, twenty-fifth, thirty-fourth, and thirty-fifth.

[1] The twenty-fourth and twenty-fifth grounds raise the question whether the act of bankruptcy alleged, having occurred more than four months prior to the amendment, can be considered.    This question, it seems to me, is settled in the affirmative by the case of Hark v. C. M. Allen Co., 146 Fed. 665, 77 C. C. A. 91, 17 Am. Bankr.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Rep. 3. I have read the case of Armour & Co. v. Miller, 209 Fed. 784, 126 C. C. A. 508, but I do not think the principle decided in this case changes the rule as laid down in the first case cited, which I think governs the instant case.

[2] The thirty-fourth and thirty-fifth grounds challenge the signing and swearing to the amendments. In this case a petition was filed, praying for leave to make the amendments. The order allowing said amendments was made by consent of the parties, on October 15, 1917, in which it is ordered that the "amended petition in bankruptcy, filed on April 14, 1916, be and the same is hereby amended as prayed in said petition." The specific amendments were not filed, but the proposed amendments were set out in the petition to be allowed to make such amendments. These amendments have been treated by all the parties as filed. The petition to make the same was properly signed and sworn to by the petitioning creditors. While it would probably have been better in strict pleading for the amendments to have been prepared, signed, and sworn to as required by the Bankruptcy Law, yet I do not think the court would be justified in striking the amendments because of this failure, when by a consent order the court has made those proposed amendments a part of the amended petition.

I am of opinion that the motion to strike the amended petition as amended, and the paragraphs thereof, should be denied. It will be so ordered.