## In re FULLER et al.

## Petition of STONEHAM.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

### No. 5.

1. **Bankruptcy ⬄81(4)—Petition, Insufficient in alleging preferences only generally, may not be aided, more than four months later, by bill of particulars, except as to any preferences requiring recording for validity and recorded within four months (Bankruptcy Act, § 60a [Comp. St. § 9644]).**

Petition in involuntary bankruptcy, insufficient in alleging preferences only generally, may not, more than four months later, be aided by bill of particulars, except as to any preferences which, under last clause of Bankruptcy Act, § 60a (Comp. St. § 9644), require recording for their validity, and were recorded within four months before service of bill of particulars.

2. **Bankruptcy ⬄81(4)—Dormant partner, brought into involuntary proceeding after time to amend petition, insufficient in alleging preferences, held not estopped to assert its invalidity.**

Dormant partner, brought into involuntary bankruptcy proceeding against firm when it was too late to amend the petition, alleging preferences only generally, *held* not estopped to assert invalidity of petition; he doing nothing which could mislead petitioners, and not being required to intervene and object to petition before expiration of time to correct it.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Edward M. Fuller and others, alleged bankrupts. Petition of Charles A. Stoneham to revise an order allowing a bill of particulars. Reversed.

See, also, 9 F.(2d) 553, 557.

On petition to revise an order in bankruptcy allowing the respondents, petitioning creditors, to file a bill of particulars in amplification of their petition for adjudication against the petitioner to revise, one of the alleged bankrupts.

On June 26, 1922, certain creditors of the brokerage firm of E. M. Fuller & Co. filed a petition for the adjudication of the firm, therein described as consisting of E. M. Fuller and William F. McGee. Upon the default of the alleged bankrupts they were adjudicated on July 20, 1922. On November 5, 1924, other creditors of the firm, having theretofore intervened as petitioning creditors, moved to have one Stoneham, the petitioner to revise herein, brought in as a partner and adjudicated a bankrupt. The court, on December 15, 1924, amended the petition to include Stoneham, and directed a subpœna ad respondendum to issue against him. Stoneham answered on October 26, 1925, reserving his right to challenge the sufficiency of the amended petition, traversing some of its allegations, and alleging that it was not filed in season. At the same time he filed a motion to dismiss it on the ground that it did "not state facts sufficient to constitute a cause of action, in that it fails among other things to allege any act of bankruptcy." The District Court denied this motion on November 13, 1925, but ordered the respondents, as intervening creditors, to file a bill of particulars of the details of the preferences alleged, in default of which the motion was to be granted. This is the order to revise which Stoneham filed his petition now before this court.

The point in controversy arises on the allegations of the sole act of bankruptcy in the original petition of June 26, 1922, which were not substantially changed in the amendment allowed on December 15, 1924. These read as follows: "That while insolvent, as aforesaid, the alleged bankrupts transferred various moneys to various creditors, with intent thereby to prefer such creditors over their other creditors of the same class, the names of such preferred creditors being unknown to your petitioners." Stoneham insists that no bill of particulars could be allowed on November 13, 1925, which should specify the preferences alleged, because the four-months statute of lim-

itation had elapsed on October 26, 1922, and the general allegation was insufficient.

Max D. Steuer, of New York City (Harold H. Corbin, of Saratoga Springs, N. Y., of counsel), for Stoneham.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne and Carroll R. Ward, both of New York City, of counsel), for intervening creditors.

Kohlman & Austrian, of New York City (Saul J. Lance and Carl J. Austrian, both of New York City, of counsel), for original petitioning creditors.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] That the petition as it stood on June 26, 1922, was insufficient both sides must agree. In re Nelson (D. C.) 98 F. 76; In re Rosenblatt, 193 F. 638, 113 C. C. A. 506 (C. C. A. 2); In re Condon, 209 F. 800, 126 C. C. A. 524 (C. C. A. 2); In re Triangle S. S. Co. (D. C.) 267 F. 300, 303. The question is whether the allegation of the act of bankruptcy might be amended, or amplified by bill of particulars, for we can see no difference in substance between the two methods. It is settled that if the petition alleges a specific act of bankruptcy, the sufficiency of an independent one, added by amendment, depends upon the period between its commission and the date of the amendment (In re Haff, 136 F. 78, 68 C. C. A. 646 [C. C. A. 2]; In re Brown Commercial Car Co., 227 F. 387, 142 C. C. A. 83 [C. C. A. 7]), a rule going back to the act of 1867, 14 Stat. 517 (In re Craft, 6 Blatchf. 177, Fed. Cas. No. 3,317).

In the case at bar it is quite true that the bill of particulars will not introduce an independent act of bankruptcy, because the original petition specified none, and therefore the doctrine of In re Haff will not apply. On the other hand, the language of the original petition is such as makes it in the nature of things impossible to identify any preference which may be laid in the bill of particulars as among those originally alleged. How is Stoneham to know whether the particular payments with which he will be charged were among those "various moneys to various creditors," of which the petition spoke? And, if he cannot, how can he avail himself of the statute, which protects him from any preference not complained of within four months of its payment? A petitioning creditor must show that he has challenged the act of bankruptcy in season, and it is impossible to know

whether he has, until he identifies what act he means. To allow him to say that those which he subsequently selects are those which he originally intended is either to compel the bankrupt to accept his word, or to try out as an issue the unexpressed meaning of his pleading, legally a monstrosity. Nor is this merely a matter of form; the statute condones all preferences after four months, and the petitioning creditor may not by equivocation imperil a right so secured.

In Re Condon, 209 F. 800, 126 C. C. A. 524, we squarely ruled in accordance with the foregoing theory. The allegation was general, as here, and the amendments were accepted or rejected according to the date of their proffer. The case has never been questioned in the circuit, and has been followed in the lower courts. In re Triangle S. S. Co. (D. C.) 267 F. 300, 303. Our decision in Re Havens, 255 F. 478, 166 C. C. A. 554, holds no more than that such general allegations give jurisdiction to the court. Two acts of bankruptcy were there in question, one of a fraudulent transfer in general terms, and another of concealment. The first alone was in the original petition, which the bankrupt answered without raising the point and went to trial. Then for the first time he assailed the pleading, which the District Court allowed the petitioner to amend. We expressly said that its sufficiency was not before us, and it is not clear, from what we said in Bradley v. Huntington, 277 F. 948, that, if it had been, we should have allowed the amendment, for apparently the objection was made at the very outset of the trial. The second act of bankruptcy was first introduced on the amendment, and we sustained it only because a concealment continues as an act of bankruptcy till discovery, and the amendment was within four months of that.

In Bradley v. Huntington, 277 F. 948, we had before us the question which was not open under the petition to revise in Re Havens. There the petition was general, but the bankrupt answered and went to trial two years later. In the midst of the trial he challenged the allegations of the act of bankruptcy and asked to dismiss the petition. The District Court allowed a bill of particulars and proceeded to an adjudication. Holding that the original allegation gave jurisdiction, we said that the point was too late after answer and trial, in part complete, though we especially reserved the point whether the objection might not be good if made before trial even though after answer. In re Bieler (C. C. A.) 295 F. 78, is so clearly beside the point that we need not discuss it.

In other circuits we can find no case to the contrary. In International Silver Co. v. N. Y. Jewelry Co., 233 F. 945; 147 C. C. A. 619 (C. C. A. 6), the petition was amended with the bankrupt's consent. Chicago Motor Vehicle Co. v. American Oak Leather Co., 141 F. 518, 72 C. C. A. 576 (C. C. A. 7), was precisely like Bradley v. Huntington, perhaps even weaker for the bankrupt. In Hark v. G. M. Allen Co., 146 F. 665, 77 C. C. A. 91 (C. C. A. 3), the petition originally contained an allegation of a removal of goods in fraud of creditors, laid between the 10th and 15th of October, and of silks, linens, woolens, etc., taken from a named place of business. This was held a sufficient identification to allow later specification, and indeed even to change the time of removal and the act of bankruptcy from a removal in fraud of creditors to a preference. So far as the case holds that the original allegation identified the act on which either as fraudulent transfer or as preference the petitioner proposed to rely, it does not conflict with our views, whether or not we should have so interpreted the petition. Judge Gray's language on page 668 (77 C. C. A. 91) seems to mean that; but, if not, we can only say that it is counter to our own decision in Re Condon, 209 F. 800, 126 C. C. A. 524.

On the other hand, in Hovland v. Farmers' State Bank, 10 F.(2d) 478, the Circuit Court of Appeals for the Eighth Circuit followed the rule laid down in Re Condon in a careful and complete discussion by Judge Phillips, in which he stated the test precisely as we understand it; that is, that the original allegation must be specific enough to identify the subsequent amendment as comprised within it.

We must, however, concede that our decision in Re Nesbitt (C. C. A.) 285 F. 1019, is to the contrary. There, though the objection was taken in limine and overruled, we affirmed the order on the authority of Bradley v. Huntington. No opinion was written, and we inadvertently failed to observe that the bankrupt had not, as in Bradley v. Huntington, abandoned the objection, either by answering or by answering and going to trial.

As the case is presented, we do not know what the bill of particulars will contain, except that it must be limited to preferences. However, the time had long since passed within which any such could be in season unless, under the last clause of section 60a (Comp. St. § 9644), they depended for their validity upon some public record. We assume that the petitioning creditors cannot mean to rely on any such. However, the order to be entered will, if they choose, merely amend the order of November 13, 1925, by limiting the bill of particulars to such preferences as require record for their validity and were recorded within four months before the service of the bill of particulars. If, as we suppose, the petitioning creditors have no use for this provision, the order will be reversed, and the petition for adjudication dismissed as against Stoneham.

[2] Nor is Stoneham estopped to assert the invalidity of the petition. When the interveners moved to bring him into the proceeding, it was already too late to plead any preference, and their effort for its success depended upon his waiving the defect expressly or by conduct. It is impossible, therefore, to see how they could have been misled by anything which he did thereafter. Their position must be that it was incumbent upon him as a dormant partner to intervene and object to the original petition before their time to correct it had expired. Perhaps it would be desirable if the law imposed upon parties so high a measure of initiative in cases where they are in fact liable, but a defendant may safely maintain a more passive position, and is not obliged to defend until he has been assailed.

Order reversed.