### In re GAYNOR HOMES, Inc.
#### No. 381.

Circuit Court of Appeals, Second Circuit.
May 1, 1933.

Rosenblatt & Spielberg, of New York City (Leo J. Linder, and Albert P. Singman, both of New York City, of counsel), for appellant.

Louis Pressman, of New York City, and Henry Patent, of Jamaica, for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

On July 14, 1932, an involuntary petition in bankruptcy was filed against Gaynor Homes, Inc. The alleged bankrupt answered, denying the commission of an act of bankruptcy, asserting that the involuntary petition was insufficient on its face, and reserving the right to move for dismissal on this ground. Thereafter such a motion was made and denied. The case then proceeded to trial, and the order of adjudication was entered upon the evidence of the petitioning creditors. No evidence was presented by the bankrupt; its counsel having withdrawn from the courtroom when denied a continuance. A motion to amend the petition to conform to the proof was taken under advisement, but apparently not formally decided.

The only questions presented by this appeal are whether the petition sufficiently alleges an act of bankruptcy, and, if not, whether it may be amended to conform to the proof.

Two acts of bankruptcy were charged: The first, a fraudulent conveyance; the second, a preference. As to the first, it is sufficient to say that, regardless of whether the allegations were adequate, the proof was not, for the fraudulent conveyance took place more than four months prior to the filing of the petition. As to the second act of bankruptcy, after alleging generally that the acts complained of were committed within four months prior to the filing of the petition and while the bankrupt was insolvent, the petition charged as follows:

"2. That while insolvent as aforesaid the said alleged bankrupt transferred various moneys amounting in the aggregate to the sum of $6500.00 to various alleged creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of such preferred creditors being unknown to your petitioners."

The proof was that on April 11, 1932, the bankrupt deposited in its bank account a check for $6,493.59, and two days later sixteen checks totaling $6,000 were charged against its account, all payable to the father of the bankrupt's president and bearing dates between December 26, 1931, and February 2, 1932. Assuming that clearing the checks through the bank constituted preferential transfers on April 13th, they were made within the four-month period and while the bankrupt was insolvent. But, under repeated rulings of this court, allegations such as those set out above are insufficient to apprise the bankrupt of the charge he is called upon to meet; and the petition was therefore subject to challenge by demurrer or motion to dismiss. In re Sig H. Rosenblatt & Co. (C. C. A.) 193 F. 638; In re Condon (C. C. A.) 209 F. 800; In re Fuller (C. C. A.) 15 F. (2d) 294. In the case last cited, the question was reviewed at length, with ample citation of authority. The petition at bar is precisely like that there involved except that here the aggregate amount of the "various moneys" alleged to have been paid to various unknown creditors is stated to be $6,500, while there no sum was mentioned. That is not sufficient to save the petition. Its allegations do not inform the bankrupt that the challenged payments are the sixteen checks cleared through the bank on April 13th, totaling $6,000, and all payable to D. Gaynor.

Any other payments to other creditors within the four months' period would as well fall within these allegations. The motion to dismiss the petition should therefore have been granted. And under the above-mentioned authorities it was then too late to amend so as to specify these sixteen checks, for the statute (Bankr. Act § 3 as amended [11 US CA § 21]) condones preferences more than four months old before the creditors challenge them. The test for amendment requires that "the original allegation must be specific enough to identify the subsequent amendment as comprised within it." In re Fuller (C. C. A.) 15 F.(2d) 294, 296.

It is urged that this rule will often let bankrupts escape by lapse of time because in the nature of things creditors cannot always learn details until they can examine the bankrupt at the trial. That may sometimes be true, although it was not in the case at bar, for here an accountant of the creditors obtained knowledge of these checks several weeks before the original petition was filed. But, even if the validity of the criticism be granted, the rule is so firmly established that we do not feel at liberty to overturn it.

The order of adjudication must be reversed.