## In re MIDDLE WEST UTILITIES CO.

## MIDDLE WEST UTILITIES CO. v. BOYTE et al.

## No. 4983.

Circuit Court of Appeals, Seventh Circuit.

May 10, 1934.

Orville J. Taylor and Donald F. McPherson, both of Chicago, Ill. (Orville J. Taylor, Donald F. McPherson, Paul C. Hodge, and M. Ogden West, all of Chicago, Ill., of counsel), for appellant.

Lewis F. Jacobson, of Chicago, Ill. (Lewis F. Jacobson and Sidney C. Nierman, both of Chicago, Ill., of counsel), for appellees.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This appeal was allowed by this court from an order overruling appellant's motion to strike portions of appellees' (petitioning creditors) petition for adjudication of appellant in bankruptcy and requiring appellees to specify the acts of bankruptcy relied on. Appellees promptly moved to vacate the order allowing the appeal, which motion was taken under advisement to be determined by the full court upon the hearing of the merits of the appeal.

The original petition, filed April 15, 1932, alleged preferential payments.[1] An amended petition, filed July 13, 1932, in addition to asserting preferential payments, alleged the appointment of equity receivers for the insolvent company, which appointment was made

(April 2, 1864), p. 1410 (April 4, 1864), p. 1430 (April 5, 1864).

[1] "That your petitioners are informed and verily believe * * * that said Middle West Utilities Company, within four months next preceding the filing of this petition, while insolvent, paid * * * to Lincoln Printing Company, to 20 Wacker Drive Building Corporation, to First National Bank of Chicago, to Continental Illinois Bank & Trust Company, and to divers other persons, firms and corporations, who were the creditors of said alleged bankrupt, sums of money exceeding * * * $1,000 in each case, and with intent to prefer such creditors over its other creditors including petitioners * * * (then follows allegations of preferences to unnamed creditors with allegations)

on the same day as the petition in bankruptcy was filed, on a petition filed the preceding day. The company's answer, filed February 1, 1933, merely denied committing any act of bankruptcy or that it was in an insolvent condition. It moved, on March 14, 1933, to strike the allegations of preferential payments in both the original and amended petitions, and it is from the order overruling this motion that this appeal is taken.

Appellant also petitioned for an examination of the alleged bankrupt, inter alia, as to pledges to banks to secure loans. The court ordered such an examination, over appellant's objection, under section 21a of the Bankruptcy Act, 11 USCA § 44(a), but the examination had not occurred at the time of appeal. Depositions were ordered taken in advance of trial before a special master. Appellant denied the necessity for taking such depositions.

The issues to be determined are: (1) Should this court have exercised its discretion in allowing the appeal? (2) Is the petition for adjudication sufficiently specific in its allegations? (3) Was the motion to strike filed in due time, having been made after the answer? (4) Is the court's order as to specification by appellees of the acts of bankruptcy correct?

It is appellees' contention that the alleged facts did not justify the exercise of the court's discretion in allowing the appeal. They point out that the order lacks the characteristic of finality because it does not determine adjudication and that that part of the District Court's order directing a specification of the acts of bankruptcy relied on cures any possible defect of vagueness in the petitions.

The appeal in this case was allowed after notice to appellees and with the understanding that the motion to vacate the order granting the appeal would be considered when the appeal was heard on its merits. This procedure was adopted to save the time of the court.

The motion to strike came almost a year after the filing of the original petition and long after appellant's answer to the amended petition had been filed. The amended petition of July 13, 1932, expressly charged the appointment of a receiver for appellant upon a bill filed a day before the original petition in bankruptcy was filed, and the sufficiency of this allegation of the appointment of the receiver was not, and could not, have been effectively attacked on a motion. Meek v. Beezer, 28 F.(2d) 343 (C. C. A. 3).

The Circuit Court of Appeals of the Second Circuit lately had before it the same question. In re S. W. Straus & Co., 67 F.(2d) 605, 609. We quote therefrom:

"The petition in bankruptcy charged as the only act of bankruptcy the giving of preferences to unknown creditors in unknown amounts, aggregating $2,500. Except in stating a different aggregate sum, it is identically like the petition held insufficient by this court in Re Gaynor Homes, 65 F.(2d) 378. Hence the petition was subject to dismissal had the objection been taken in time. But, as our previous decisions indicate, such a petition gives the court jurisdiction, and the defect is one which may be waived by answer and going to trial. Bradley v. Huntington (C. C. A.) 277 F. 948. Whether it would be waived by answer alone was there left open and is the question presented in the present appeal. Here it appears that both the bankrupt and the receiver answered the petition without reserving any objection to the sufficiency of the petition. The reason for holding a petition which follows the general language of the statute so vague as to be subject to demurrer or motion to dismiss is that it subjects the bankrupt to the danger that the petitioning creditors may prove against him acts of bankruptcy which they did not challenge by their pleading, and there is no way for him to tell what they did mean to challenge. See In re Fuller, 15 F.(2d) 294 (C. C. A. 2). Hence he should take the objection before answering, or should at least reserve it in his answer as was done in Re Gaynor Homes, supra. If the bankrupt answers without such reservation, it may be taken that he is satisfied with the pleading and is able, despite its vagueness, to admit or deny its allegations. In general, demurrers come too late after an answer has been filed, and we see no reason why this general rule should not be applied to pleadings in bankruptcy proceedings. Indeed, there is especial reason why the bankrupt should move seasonably, for the passage of four months may prevent an amendment to correct the defective petition by specifying with precision the act of bankruptcy which the petitioners intended to challenge. In re Fuller, supra; cf. Harney Shoes, Inc., v. Nat. Fabric & Finishing Co., 44 F.(2d) 517 (C. C. A. 1).

* * * that your petitioners do not know the exact names of such creditors or the amounts paid to them, and your petitioners ask leave to insert the names of such creditors and the amounts paid to each, when such amounts and names are ascertained." (The other allegations complained of are similar to the above.)

Holding, as we do, that the defect was waived by answer, we find it unnecessary to consider whether the order might also be sustained under the doctrine applied in Re Standard Aero Corp., 270 F. 779 (C. C. A. 3)."

We agree with the views expressed in this opinion.

It is therefore ordered that the order appealed from be, and it is, hereby affirmed.