## In re GRAND MARTIN ICE CREAM CO., Inc.

District Court, S. D. New York.
May 22, 1934.

Samuel Rubin, of New York City, for petitioning creditors.

Theodore A. Delman, of New York City, for alleged bankrupt.

### PATTERSON, District Judge.

The case was commenced by the filing of an involuntary petition on February 20, 1934. Several acts of bankruptcy were pleaded. The alleged bankrupt interposed an answer on the merits. The present motion, made on May 9, 1934, is by the petitioning creditors for leave to file an amended petition setting forth three acts of bankruptcy. As the alleged bankrupt opposes the application only in respect to the third act averred in the proposed amendment, that act alone will be dealt with.

The original petition stated as an act of bankruptcy that the alleged bankrupt permitted Abraham Kraus to obtain a judgment and failed to discharge the same within thirty days after it had become a lien on property. In lieu of this, the proposed amended petition has the following allegation: "3. That the said alleged bankrupt suffered or permitted, while insolvent, a creditor to obtain through legal proceedings a judgment lien, and did not vacate or discharge the same within thirty days from the date said judg-

ment lien was obtained, viz.; one Abraham Weissman caused to be entered and docketed in the office of the Clerk of the County of Bronx, on the 24th day of November, 1933, a certain judgment in the sum of $2581.77, which said judgment, on said day, became a lien upon the real property of the alleged bankrupt, and the said judgment lien was not vacated or discharged within thirty days from the date of said docketing and thereafter, and subsequent to said period of thirty days, continued to be a lien upon the real property of the said bankrupt, and was and became a continuing act of bankruptcy from and after said date."

The rule is settled that acts of bankruptcy not mentioned in the original petition may be pleaded in an amended petition only when such acts are alleged to have been committed within four months prior to the filing of the amended petition. It is of no moment that the act occurred within four months before the filing of the original petition; in such cases there is no relation back to the date of the first pleading by the petitioning creditors. This may work a hardship on petitioning creditors, whose information of the affairs of the alleged bankrupt is likely to be imperfect; but the rule is too firmly established to be overturned now. In re Haff, 136 F. 78 (C. C. A. 2); In re Condon, 209 F. 800 (C. C. A. 2); In re Fuller, 15 F.(2d) 294 (C. C. A. 2); In re Gaynor Homes, Inc., 65 F.(2d) 378 (C. C. A. 2). On the other hand, amendments which refer to an act of bankruptcy originally pleaded and which merely supply specifications or correct errors in the initial pleading are freely allowed, and this without regard to the lapse between the date of commission of the act and the date of the amendment. First State Bank v. Haswell, 174 F. 209 (C. C. A. 8); In re Bieler, 295 F. 78 (C. C. A. 2); In re Yellow Motor Co., 34 F.(2d) 118 (C. C. A. 8). A like distinction is made in ordinary civil actions, where the statute of limitations is pleaded to a cause of action embodied in an amended complaint. Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.

In the present case the proposed amendment specifies as an act of bankruptcy the suffering, on November 24, 1933, of a judgment lien which the alleged bankrupt while insolvent failed to discharge within thirty days. Such a transaction is an act of bankruptcy under section 3 (a) (4) of the act, as amended in 1926 (11 USCA § 21a (4), and an act which became complete as early as December 24, 1933. December 24, 1933, is a

date more than four months before application to amend the involuntary petition. The propriety of the amendment in this particular thus turns solely on whether it embodies an alleged act of bankruptcy not touched in the original petition, or whether, on the other hand, it is merely an elaboration or amplification of an act covered in the original.

The original pleading stated that the judgment was suffered in favor of Abraham Kraus. The amendment moved for states that the judgment was in favor of Abraham Weissman. This is more than a mere misspelling or misnomer. Kraus and Weissman are apparently different persons, and the judgments are apparently different judgments. I see no escape from the conclusion that the amendment seeks to set up a new and different act of bankruptcy from any mentioned in the original petition. The test is whether the subsequent amendment can be identified as comprised within the original allegation (In re Fuller, supra), and in the present case the petitioning creditors fail to meet the test.

The motion to file the amended petition is granted, except as to the third alleged act of bankruptcy.