## In re SCHWARTZ et al.

District Court, S. D. New York.
Aug. 27, 1934.

' Max Schulman, of Brooklyn, N. Y., for alleged bankrupts.

Emanuel Lobel, of New York City, for petitioning creditors.

HULBERT, District Judge.

On March 5, 1934, an involuntary petition in bankruptcy was filed against Sam Schwartz and Ida Schwartz individually and as copartners doing business under the firm name and style of Rose Underwear Company.

The petition, which was on a printed form, contains the following allegations:

"1. That the alleged bankrupts, with intent to hinder, delay or defraud their creditors, and with intent and for the purpose of giving a preference contrary to the provisions of the Bankruptcy Act and upon pretended and alleged antecedent indebtedness claimed or alleged to be due from the said alleged bankrupts to divers persons, firms and corporations, transferred and set over unto said divers persons, firms and corporations whose names are unknown to your petitioners, valuable property, consisting of money, merchandise, chattels and fixtures, accounts and dues receivable of the value of $5,000.00, applicable to the payment of the debts of the said alleged bankrupt.

"2. That while insolvent as aforesaid the said alleged bankrupt transferred various moneys amounting in the aggregate to the sum of $2,500.00 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of such preferred creditors being unknown to your petitioners."

The alleged bankrupt answered, denying the commission of an act of bankruptcy, asserting that the involuntary petition was insufficient on its face, and reserving the right to move for dismissal on this ground.

Thereupon the alleged bankrupt moved for an order directing an immediate trial of the issues raised by the answer or that a hearing be had before one of the referees as a special master, and the special master, to whom it was referred to hear and determine, filed his report recommending adjudication which is now before me for confirmation.

The petition is defective, in that the allegations, as above stated, were insufficient to apprise the bankrupt of the charge he was called upon to meet. In re Sig H. Rosenblatt & Co. (C. C. A.) 193 F. 638; In re Fuller (C. C. A.) 15 F.(2d) 294, 295; In re Gaynor Homes, Inc. (C. C. A.) 65 F.(2d) 378.

Upon the hearing before the special master, and before any testimony was taken, counsel for the alleged bankrupts, under the reservation contained in their answer, moved for a dismissal for insufficiency, but the special master erroneously held that the matter had been referred to him to take testimony and report to the court, and stated: "If insufficiency appears on the face, it may be urged to the District Court with any Report I may make." (S. M. page 5.) The special master further held that, if the alleged bankrupts were not properly apprised of the issue which they were called upon to meet, they might have made a motion for a bill of particulars.

But, where a petition is defective, as in this case, such a motion would be of no avail. In the case of Bradley v. Huntington (C. C. A.) 277 F. 948, the court had that precise question before it, where the insufficiency of the petition, to which the alleged bankrupts

reserved the right to object in the answer, was not raised until the trial of the issues had progressed for some time, and the court, to correct the existing defect, ordered the petitioning creditors to serve a bill of particulars and adjourn the trial meanwhile.

Judge Hand, speaking for the court in Re Fuller, supra, and referring to Bradley v. Huntington, said that it was too late to raise the point after answer and trial in part complete, but "we especially reserved the point whether the objection might not be good if made before trial even though after answer."

I am of the opinion that the objection was seasonably raised and must be sustained.

The counsel for the alleged bankrupts also urges that the conclusions of the special master with respect to the indebtedness of the alleged bankrupt to the petitioning creditors is not sustained by the weight of the evidence, but it is not necessary to consider this question, in view of the decision above reached.

The motion to confirm is denied, and the petition is dismissed; settle order on two days' notice.