### BROWN v. O'KEEFE,
### No. 5941.

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1936.

Wm. Elmer Brown, Jr., of Atlantic City, N. J., for appellant.

Wm. B. Hunter, Jr., of Atlantic City, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below (16 F.Supp. 494) the receiver of a national bank brought suit against defendant to recover a hundred per cent. assessment made by the Comptroller on stock of such bank standing in defendant's name on the books of the bank. The first defense of defendant was that he was not the owner of the stock for reasons stated, viz.:

"1. On April 21, 1933, defendant was adjudicated a bankrupt by the United States District Court for the District of New Jersey and all right, title and interest of the defendant in and to the said ten shares of stock by act of law was immediately transferred to and vested in the trustee duly appointed for said defendant bankrupt, whereupon the defendant lost all dominion and control over the said shares of stock.

"2. Said trustee has not disclaimed title to the said ten shares of stock to defendant.

"3. At the date of the assessment levied as aforesaid defendant in law and in fact was not the legal or equitable owner of said ten shares of the stock of said Union National Bank of Atlantic City, N. J., upon which said assessment was levied.

"4. The title to said stock was transferred to and vested in the said trustee by act of law more than sixty days prior to the appointment of the said receiver."

His other defense was that he was relieved of liability by his discharge in bankruptcy.

The case went to trial before the judge below on the pleadings. Whereupon, as the judge states in his opinion, "In the complaint it is alleged that defendant at the time the assessment was levied owned 10 shares of the capital stock of the bank, of a par value of $100 per share. The assessment, made on January 8, 1934, was 100%. The defendant's alleged liability is $1,000. The answer admits all of the material allegations of the complaint, but sets up thirteen separate defenses as a bar to the action. The first defense states that defendant was adjudicated a bankrupt on April 21, 1933, and that by reason thereof from that time on he was not the legal or equitable owner of said shares of stock, and consequently is not liable for the assessment. It is not nec-

essary to discuss this defense, as defendant in his brief consents that it be stricken."

Defendant's further defense was that his discharge in bankruptcy was a bar and defense to the suit. It further appeared the trustee in bankruptcy had declined to accept the stock. Thereupon the judge in an exhaustive and, to us, satisfactory opinion, held that the statutory liability of the defendant to future assessment was not a provable claim, and consequently was not discharged. In that respect the court said:

"I am convinced that, under the facts in the instant case, the doctrine of the McClaine Case [197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500] is controlling; that the obligation of the defendant did not arise out of contract, express or implied, but was in the nature of a statutory liability, and that the debt arising therefrom became due and owing at the time the assessment was made. * * *

"Under all of the circumstances of the instant case, I am satisfied that the ownership of the stock was in the defendant at the time of assessment; that the obligation was not a provable claim against the bankrupt estate at the time of adjudication; that the discharge of defendant as a bankrupt did not relieve him from the assessment on his stock made thereafter."

So holding, the judgment below is affirmed, and the opinion filed January 24, 1936, is withdrawn from the files, and this opinion substituted therefor.